UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKELY R. PAREDES,<br><br>        Plaintiff,<br><br>   v.<br><br>SALLIE MAE,<br><br>        Defendant. | Civil No. 11-2470 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**
Frankely R. Paredes
2700 Atlantic Avenue
Wildwood, NJ 08260
*Pro Se*

Thomas C. Regan, Esquire
LeClairRyan, a Virginia professional corporation
One Riverfront Plaza
1037 Raymond Boulevard
Sixteenth Floor
Newark, NJ 07102
*Attorney for Defendant*

**HILLMAN, District Judge**

    This matter comes before the Court by way of an unopposed motion [Doc. No. 4] by Defendant Sallie Mae, Inc.,[1] (hereinafter, "Sallie Mae" or "Defendant") to dismiss Plaintiff Frankely Paredes' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court notes that Plaintiff failed to file an opposition to Defendant's motion and the time for filing opposition has expired.

---

1. Defendant was incorrectly named in Plaintiff's complaint as, Sallie Mae, rather than Sallie Mae, Inc. (Notice of Removal [Doc. No. 1] 1; see also Mot. to Dismiss [Doc. No. 4] 1.)

The Court has considered Defendant's motion and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion is granted in part and denied in part.

**I.   JURISDICTION**

In this action, Plaintiff alleges claims under the Fair Credit Reporting Act, (hereinafter, "FCRA").  See generally 15 U.S.C. § 1681 et seq.  The Court exercises jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.

**II.  BACKGROUND**

Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Special Civil Part for Cape May County on approximately April 4, 2011.  (Def.'s Notice of Removal [Doc. No. 1] ¶ 1; see also Ex. A to Notice of Removal, Special Civil Part Compl. [Doc. No. 1-1] (hereinafter, "Pl.'s Compl.") (stamped "Received" on April 4, 2011).)  Defendant Sallie Mae filed a timely Notice of Removal on April 29, 2011 and removed Plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, asserting that Plaintiff's complaint alleged causes of action arising under federal law, *i.e.*, the Fair Credit Reporting Act. (Def.'s Notice of Removal [Doc. No. 1] 1, ¶¶ 4-5.)

In the complaint, Plaintiff seeks damages in the amount of $10,000 and asserts that Plaintiff sustained actual damages, including "loss of opportunity" as a result of "multiple violations

2

of the Fair Credit Reporting Act" by Defendant.  (Pl.'s Compl. ¶ 2.) Plaintiff asserts that at some time prior to April 5, 2010, "an unknown account ... listed by the Defendant" appeared on his credit report.  (Id. ¶ 3.)  As a result of this unknown account, Plaintiff alleges that he sent to "Experian, a Credit Reporting [A]gency[,] a request to investigate and the disputed [sic] of the alleged debt[.]" (Id.)  Plaintiff contends that he received correspondence from Experian on May 12, 2010 "stating that the matter was completed and verified by the Defendant [and] thus," the account would "remain[] in [Plaintiff's] credit report as an accurate account."  (Id. ¶ 4.)

After receiving a response from Experian, Plaintiff asserts that he "sent Defendant a dispute letter" via certified mail, return receipt requested on September 28, 2010, requesting Sallie Mae "to investigate the matter."  (Id. ¶ 5.)  Plaintiff alleges that Sallie Mae received his dispute letter on September 30, 2010, but that Plaintiff never received a response from Sallie Mae.  (Id. ¶¶ 6, 8.)  Plaintiff asserts that he then sent Sallie Mae a second dispute letter via certified mail, return receipt requested on December 1, 2010 "in a good faith effort to allow Defendant ample opportunity to investigate[] the alleged debt[.]" (Id. ¶ 13.) Plaintiff contends that this second dispute letter "stated that the Plaintiff was in full dispute of the account and requested that the matter be investigated."  (Id.)  Plaintiff alleges that Sallie Mae

received the second dispute letter requesting an investigation on December 6, 2010.  Plaintiff further asserts that on January 10, 2011, Plaintiff sent Sallie Mae "a 'NOTICE OF INTENT TO FILE LAWSUIT' letter" via certified mail, return receipt requested informing Defendant of the alleged violations of the FCRA and Defendant's liability.  (Id. ¶ 18.)  Plaintiff contends that the January 10, 2011 letter "requested immediate deletion of accounts within 72 hours as a last chance to avoid a lawsuit[.]" (Id.)  Plaintiff asserts that Sallie Mae "again failed to respond."  (Id.)

Throughout the complaint, Plaintiff cites to the following sections of the FCRA: Sections 1681s-2(a)(3), 1681n, and 1681o. (Pl.'s Compl. ¶¶ 9-10, 12.)  In citing Section 1681s-2(a)(3), Plaintiff notes that any furnisher of information to a consumer reporting agency is under a duty to provide the consumer reporting agency with notice that a consumer disputes the completeness or accuracy of the information provided to that consumer reporting agency. (Id. ¶ 9.) Accordingly, Plaintiff alleges that Sallie Mae "failed to note the account as being disputed with the National Credit Reporting Agencies as required" under the FCRA.  (Id. ¶ 17.) In citing to Sections 1681n and 1681o, Plaintiff also notes that willful or negligent noncompliance with the FCRA's provisions can result in civil liability.  (Id. ¶¶ 10, 12.)  Plaintiff thus alleges that he has a "negative Experian credit score ... and has been denied credit at reasonable rates because of the negligent

4

noncompliance [sic] actions and/or inactions of" Sallie Mae. (Id. ¶¶ 11, 16.) Plaintiff also asserts that he "applied for a credit card and was denied because of the actions and/or inactions of" Sallie Mae. (Id. ¶ 16.)

Plaintiff contends that the actions of Sallie Mae "demonstrate a willful disregard for federal law and constitute a blatant attempt to injure or ruin the credit rating of Plaintiff[.]" (Id. ¶ 19.) Plaintiff thus asserts that Sallie Mae "has demonstrated an inability to conduct a fair investigation [of] the alleged debt and ... attempted to coerce payment by placing this alleged debt" on Plaintiff's credit report and refusing to remove it. (Id.) Accordingly, Plaintiff demands judgment in the amount of $10,000 plus court costs, and seeks the "permanent removal of ... [the] account from Plaintiff's files with all three national credit reporting agencies (Equifax, Experian, and Trans Union)." (Id.)

In the present motion, Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. to Dismiss [Doc. No. 4] 1.) Specifically, Defendant argues that Plaintiff cannot recover under Section 1681s-2(a)(3) of the FCRA because "no private right of action exists to enforce the provisions of" Section 1681s-2(a). (Mem. of Points and Authorities in Supp. of Def.'s Mot. to Dismiss [Doc. No. 4] (hereinafter, "Def.'s Mem."), 3) (citing Huertas v. Galaxy Asset Mgmt., 641 F.3d

5

28, 34 (3d Cir. 2011)).  While Defendant acknowledges that a private right of action does exist under Section 1681s-2(b) of the FCRA, Defendant asserts that "Plaintiff does not seek to recover for any alleged violation of Section 1681s-2(b)[.]"  (Def's Mem. 4.)  Defendant further contends that even if Plaintiff sought to recover under Section 1681s-2(b), Plaintiff's complaint still fails to state a claim for relief because Plaintiff "does not even allege that Sallie Mae failed to conduct a reasonable investigation of his dispute."  (Id.)  Accordingly, Defendant seeks to dismiss Plaintiff's complaint with prejudice.  (Proposed Order [Doc. No. 4] 1.)

### III.  DISCUSSION

#### A.  Standard for Motion to Dismiss

In this case, Defendant seeks dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

7

discovery will reveal evidence of' the necessary element." (citing Twombly, 550 U.S. at 556)). "The defendant bears the burden of showing that no claim has been presented." Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245; see also Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally because he is proceeding pro se." Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

**B.   Fair Credit Reporting Act**

Section 1681s-2 of the FRCA sets forth the general responsibilities of entities that furnish information, ("furnishers

8

of information"), to consumer reporting agencies,[2] ("CRAs").  See generally 15 U.S.C. § 1681s-2; see also Burrell, 753 F. Supp. 2d at 446.  The term "furnishers of information" is not specifically defined within the FCRA but generally includes any entity that reports information to a CRA which is relevant to a consumer's credit rating.[3]  Burrell, 753 F. Supp. 2d at 446.  Under subsection 1681s-2(a), furnishers of information have a duty to provide CRAs with accurate information relating to consumers.  Specifically, furnishers of information are prohibited from providing CRAs with information relating to a consumer which the furnisher "knows or has reasonable cause to believe ... is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A).  Moreover, where a consumer disputes the completeness or accuracy of any information provided by a furnisher to a CRA, the furnisher is prohibited from providing "the information to any consumer reporting agency without notice that

---

2.  Under the FCRA, the term "consumer reporting agency" is generally defined as an entity which "regularly engages ... in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C. § 1681a(f).  As explained by another court in this District, "the function of such entities is more accurately described by the common term, 'credit rating agencies.'"  Burrell, 753 F. Supp. 2d at 441 n.2. Accordingly, the Court notes that the terms "credit rating agency" and "consumer reporting agency" refer to companies such as Equifax, Experian, and TransUnion, the three major United States companies which track consumer credit ratings.  Id.

3.  The parties do not appear to dispute that Sallie Mae is considered a furnisher of information under the FCRA. (See, e.g., Pl.'s Compl. ¶ 9; Def.'s Mem. 3-4.)

9

such information is disputed by the consumer." Id. § 1681s-2(a)(3).

Subsection 1681s-2(b) sets forth the duties of furnishers of information once the furnisher receives notice from a CRA that the completeness or accuracy of the information provided to the CRA is disputed by the consumer. Id. § 1681s-2(b)(1). "[S]ubsection (b) relates to the furnisher's obligations after learning of inaccuracies from the [CRAs]. Thus, whereas § 1681s-2(a) purports to require furnishers of information to ensure the accuracy of that information before transmitting it to a [CRA], § 1681s-2(b) requires that furnishers take certain steps to investigate and correct inaccurate information they [may] have already relayed to the [CRAs]." Burrell, 752 F. Supp. 2d at 447. "Any person who willfully or negligently violates the [FCRA] is liable to a consumer thereby injured." Armour v. Sallie Mae, Inc., No. 10-3740, 2010 WL 3724524, at *2 (D.N.J. Sept. 14, 2010) (citing 15 U.S.C. §§ 1681o; 1681n)). Accordingly, a consumer may sue a furnisher of information for a violation of Section 1681s-2(b) that causes him injury. Armour, 2010 WL 3724524, at *2.

**IV. ANALYSIS**

    **A. FCRA Claims under Section 1681s-2(a)**

In the complaint, Plaintiff asserts that Defendant committed "multiple violations of the" FCRA. (Pl.'s Compl. ¶ 2.) Plaintiff cites to Section 1681s-2(a)(3) and Defendant's alleged violation

thereof, as a basis for the current suit. (Id. ¶¶ 2, 9, 11, 16.) However, as the Third Circuit has previously held, no private right of action exists under the provisions of Section 1681s-2(a).[4] Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (concluding that plaintiff "cannot base his claim on 15 U.S.C. § 1681s-2(a)(1)(A), because no private right of action exists under that provision.") (citing 15 U.S.C. §§ 1681s-2(c), (d); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002)); see also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009) (finding specifically that plaintiff had "no private right of action under § 1681s-2(a)(3) to proceed against [a

---

4. This holding by the Third Circuit is consistent with the interpretation of Section 1681s-2(a) by many of its sister Courts of Appeals. See, e.g., Purcell v. Bank of Am., --- F.3d ---, No. 10-3975, 2011 WL 4634216, at *1 (7th Cir. Oct. 3, 2011) (finding "that section [1681s-2(a)] does not create a private right of action."); Chiang v. Verizon New England Inc., 595 F.3d 26, 35 (1st Cir. 2010) ("Congress expressly limited furnishers' liability under § 1681s-2(a) by prohibiting private suits for violations of that portion of the statute.); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009) (recognizing that plaintiff had "no private right of action under § 1681s-2(a)(3) to proceed against [a furnisher of information] for its initial failure to notify the CRAs that he disputed the ... charges."); Saunders v. Branch Banking & Trust Co. of Virginia, 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of § 1681s-2(a)[.]"); Bach v. First Union Nat'l Bank, 149 F. App'x 354, 358-59 (6th Cir. 2005) ("[A] consumer cannot bring a private cause of action for a violation of a furnisher's duty to report truthful information" under Section 1681s-2(a)); Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) (finding that "Section 1681s-2(c) ... provide[s] an exception to civil liability for failure to comply with Section 1681s-2(a) (prohibiting reporting of inaccurate information), ... and Section 1681s-2(d) provides that enforcement of Section 1681s-2(a) shall be by government officials[.]").

furnisher of information] for its initial failure to notify the CRAs that he disputed the ... charges."); Martinez v. Granite State Mgmt. & Resources, No. 08-2769, 2008 WL 5046792, at *2 (D.N.J. Nov. 20, 2008) (finding that "[t]here is, ... no private right of action under § 1681s-2(a)(3) for violations of § 1681n or § 1681o.").

Even prior to the Third Circuit's explicit ruling on this issue, several courts in this District recognized that no private right of action exists under Section 1681s-2(a). See, e.g., Burrell, 753 F. Supp 2d at 447 (finding that plaintiff's "claims under subsection (a) of 15 U.S.C. § 1681s-2 fail because that portion of the FCRA does not provide a private right of action."); DiMedio v. HSBC Bank, No. 08-5521, 2009 WL 1796072, at *3 (D.N.J. June 22, 2009) , 2009 WL 1796072, at *2 (concluding that plaintiff "may not bring suit under Section [1681s-2](a) because there is no private right of action through Section [1681n] for violations of Section [1681s-2](a)."); Martinez, 2008 WL 5046792, at *2.  As explained by the court in Burrell, subsections (c) and (d) of Section 1681s-2 "combine to form an explicit bar" to private rights of action under subsection (a).  753 F. Supp. 2d at 447. "[S]ubsection (d) of § 1681s-2 prohibits private enforcement of any of the portions of the FCRA described in paragraphs one and three of subsection (c).  Paragraph one of subsection (c) refers to 'subsection (a) of this section, including any regulations issued thereunder.'"  Id. (citing 15 U.S.C. § 1681s-2(c)(1)).

12

Thus, even accepting Plaintiff's allegations as true and viewing them in the light most favorable to Plaintiff, Plaintiff's allegations against Sallie Mae under Section 1681s-2(a) fail to state a claim upon which relief can be granted because the "bar on private enforcement actions applies to the duties imposed on furnishers of credit information by [Section] 1681s-2(a)[.]" Burrell, 753 F. Supp. 2d at 448; see also Ventura v. Collectcorp Corp., No. 11-4576, 2011 WL 4625365, at *4 (D.N.J. Sept. 30, 2011) (dismissing plaintiff's claims under Section 1681s-2(a) with prejudice, on defendant's unopposed motion to dismiss pursuant to Rule 12(b)(6), "because subsection (a) of the FCRA does not provide a private right of action.") Accordingly, Defendant's motion is granted in part with respect to Plaintiff's Section 1681s-2(a) claims, and those claims are dismissed with prejudice, as granting leave to amend would be futile in the absence of a private right of action under that subsection. See Phillips, 515 F.3d at 245; Ray, 413 F. App'x at 430 (dismissal of pro se complaint without leave to amend is appropriate where amendment would be futile).

    B.    **FCRA Claims under Section 1681s-2(b)**

Unlike subsection (a), subsection (b) of Section 1681s-2 may serve as the basis for a private suit where a furnisher of information receives notice from a CRA that the consumer disputes the information. See, e.g., Cosmas v. Am. Express Centurion Bank, No. 07-6099, 2010 WL 2516468, at *7 (D.N.J. June 14, 2010)

("Private rights of action are permitted for claims brought under section 1681s-2(b) where the furnisher has received notice of a dispute from a credit collection agency."); DiMedio, 2009 WL 1796072, at *3 (recognizing that Section 1681s-2(b) "may be the basis of a private suit" where the "furnisher of information receives notice" of the disputed information from the CRA) (citing Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002)). Although Plaintiff only cites specifically to Section 1681s-2(a)(3) of the FCRA, the Court must construe Plaintiff's complaint liberally because he is proceeding pro se. Huertas, 641 F.3d at 32. Accordingly, the Court will consider whether Plaintiff's complaint sufficiently sets forth a claim under subsection (b) regarding the duty of a furnisher of information to investigate the completeness and accuracy of that information upon receiving notice of a consumer's dispute from the CRA.

In the District of New Jersey, courts have repeatedly found that to state a claim under Section 1681s-2(b), a plaintiff must demonstrate three specific elements: "(1) '[the consumer] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" Cosmas, 2010 WL 2516468, at *8 (citing DiMedio, 2009 WL 1796072, at *3); see also Armour, 2010 WL 3724524, at *2; Martinez, 2008 WL 5046792, at *3. In the

14

complaint, Plaintiff has sufficiently alleged all three required elements under Section 1681s-2(b).

As to the first required element -- that Plaintiff, as the consumer, sent notice of the disputed information to a consumer reporting agency –- Plaintiff specifically alleges that on April 5, 2010, he "sent a request to Experian, a Credit Reporting [A]gency ... to investigate and the disputed [sic] of the alleged debt[.]" (Pl.'s Compl. ¶ 3.)  Although Plaintiff's language is not a model of clarity, construing the complaint liberally, the Court finds that the complaint sufficiently alleges that Plaintiff sent the required notice of disputed information to a CRA, namely, Experian, by sending the April 5, 2010 letter.  With regard to the second element of a claim under Section 1681s-2(b) -- that the CRA notified the furnisher of information of the consumer's dispute -- the Court finds Plaintiff's complaint also adequately alleges this element because the complaint sets forth that after Plaintiff sent notice to Experian, Plaintiff "received correspondence from Experian stating that the matter was completed and verified by the Defendant" and thus would remain on Plaintiff's credit report. (Id. ¶ 4.)  Liberally construing Plaintiff's complaint, the allegation that Defendant verified the account to Experian sufficiently demonstrates that Experian, a CRA, notified Defendant, a furnisher of information, that Plaintiff disputed the information reported by Defendant.  Finally, the third element of a claim under

15

Section 1681s-2(b) requires Plaintiff to plead that the furnisher of information failed to investigate the matter and modify the inaccurate information. Despite Defendant's attempt to argue otherwise,[5] Plaintiff's complaint specifically alleges that "Defendant has demonstrated an inability to conduct a fair investigation [of] the alleged debt[.]" (Id. ¶ 19.)   The Court, recognizing Plaintiff's status as a pro se litigant, concludes that this assertion sufficiently alleges the third required element of a claim under Section 1681s-2(b).

However inartfully plead, Plaintiff's complaint, construed liberally, sufficiently alleges all three required elements of a claim under Section 1681s-2(b) of the FCRA. See Martinez, 2008 WL 5046792, at *3 (concluding that plaintiff's complaint set forth sufficient allegations under Section 1681s-2(b) to survive defendant's 12(b)(6) motion even though plaintiff only alleged one required element -- that "she had contact with the credit reporting agencies" -- but failed to allege whether those agencies contacted defendant to verify the debt or that defendant's investigation was deficient). Accordingly, accepting all of the complaint's well-pleaded facts as true, the Court finds that Plaintiff's factual allegations are sufficient to show that Plaintiff has a plausible claim for relief under Section 1681s-2(b). See Fowler, 578 F.3d at

---

5. Defendant asserts that "Plaintiff does not even allege that Sallie Mae failed to conduct a reasonable investigation of his dispute." (Def.'s Mem. 4.)

210-211.  Plaintiff has alleged facts adequate to raise a reasonable expectation that discovery will reveal evidence necessary to support his claims.  Thus, Defendant has not meet its burden to demonstrate that Plaintiff failed to set forth a claim under Section 1681s-2(b), and therefore Defendant's motion is denied in part with respect to those claims.

## V.  CONCLUSION

For the foregoing reasons, Defendant Sallie Mae's motion to dismiss [Doc. No. 4] is granted in part and denied in part.  An appropriate Order will be entered.

Dated:   November 16, 2011          /s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.